CYRUS GREEK ET AL. V. DORSEY MCDANIEL ET AL.

FILED APRIL 9, 1903.   No. 12,637.

1. **Attorney Fee:** STATUTE OF LIMITATIONS. On the facts stated, *held* that an attorney's claim for services was barred by the statute of limitations.

2. **Attorney's Lien on Judgment:** REVIVOR: INTERVENTION. An attorney at law having a lien on a judgment may intervene in proceedings to revive such judgment, and is entitled to a revivor thereof in his own name to the extent of his lien.

3. **Error Without Prejudice.** That the court, in such proceedings, renders a judgment in favor of the attorney and against the judgment debtor for the amount of the lien, instead of entering an order of revivor in the name of the attorney to that extent, is without prejudice to the judgment debtor.

4. **Revivor:** NOTICE OF LIEN TO JUDGMENT DEBTOR. The commencement of proceedings, of which the judgment debtor has notice, to enforce such lien, while a sufficient amount of the judgment remains unpaid to cover it, is sufficient notice of the lien to the judgment debtor.

ERROR to the district court for Douglas county: LEE S. ESTELLE, DISTRICT JUDGE. *Affirmed in part.*

*D. W. Merrow* and *H. W. Pennock,* for plaintiffs in error.

*John T. Cathers,* contra.

ALBERT, C.

On the 1st day of November, 1893, Dorsey McDaniel and Winfield F. Scott recovered a judgment against Cyrus

Greek in the district court for Douglas county. Afterward, in the same year, John T. Cathers, Esquire, the attorney who conducted the litigation on behalf of the judgment creditors, filed a lien on the judgment for services as an attorney, rendered in the case. In 1901 proceedings were instituted to revive the judgment, which had become dormant. The motion to revive was denied, on what ground the record does not disclose. Mr. Cathers, the holder of the attorney's lien, then asked and obtained leave to intervene, and on the 4th day of May, 1901, filed his petition of intervention, which, omitting the formal parts and the portions stricken out on the order of the court, is as follows:

"Now comes John T. Cathers, intervener, who obtained leave of the court to intervene herein and files this his petition of intervention and for cause of action says and alleges:

"1st. That he is an attorney at law practicing his profession in Douglas county, Nebraska, and has been for more than ten years last past and that on or before the 4th day of October, 1892, he was employed by the plaintiffs in the above-stated case to bring suit against Cyrus Greek, the above-named defendant, and did bring suit as will be seen by record in the above-stated case, and prosecuted the same to judgment against the said Cyrus Greek; and that on or about the 2d day of November, 1893, upon the finding of a jury a judgment was entered in favor of the plaintiffs in the sum of $3,925.61 damages and $92.93 costs.

"2d. This plaintiff agreed to pay this intervener for his services rendered in prosecuting said action to judgment, and the same were valuable, and are worth the sum of $1,500, no part of which has been paid.

"SECOND CAUSE OF ACTION.

"This intervener further says and alleges for second cause of action that he expended in money for and on behalf of the plaintiffs and at their direction the sum of $75

in cost and expenses in prosecuting the said action to judg-
ment; that said sum has not been paid to him and is all
due and owing.

"This intervener further says and alleges that on or
about the —— day of November, 1893, he filed an attor-
ney's lien in the above-stated case in the sum of $1,575
for legal services rendered and money expended in above-
stated case, the filing of which all parties, both plaintiffs
and defendant, had due notice.

"2d. This intervener further says and alleges that said
judgment became dormant and proceedings were had to
revive the same, and this intervener was given leave to
revive said judgment to the extent of his attorney's fees
and money expended, as will be seen by reference to record
in the above-stated case."

It does not appear that McDaniel, one of the judgment
creditors, entered any appearance in the proceedings.  His
coplaintiff and the judgment debtor answered separately,
pleading the statute of limitations.  At the conclusion of
the testimony, the court directed a verdict for the inter-
vener against both the judgment creditors and the judg-
ment debtor for the amount claimed, with interest thereon
from the date of the filing of the lien, and gave a money
judgment accordingly.  The parties pleading to the peti-
tion of intervention, prosecute separate petitions in error
to this court.

It is difficult to determine upon what theory the peti-
tion of intervention was drawn.  It purports to state two
causes of action; one against the judgment creditors for
services rendered; the other against all the parties for a
revivor of the judgment in favor of the intervener to the
extent of his lien.  As to the former, the statute of limita-
tions appears to be a complete bar, and should have been
sustained.  In reaching this conclusion we have not over-
looked the rule that, ordinarily, the authority of an at-
torney employed to prosecute a suit continues, by virtue
of the original retainer, until its final determination, and
the statute of limitations does not begin to run against

his claim for services until his relation as attorney to the suit is ended. But that rule has no application to this case. The petition alleges an express contract to pay a specific sum for the services therein mentioned. Those services, on the face of the petition, appear to have been rendered almost eight years before these proceedings were commenced. When those services were rendered, the intervener's right of action therefor accrued. The pleadings aver no payment or other fact that would interrupt the running of the statute. Consequently, that cause of action is barred. This, of course, does not reverse the judgment as to the judgment creditor, McDaniel, who did not plead to the petition.

As to the other cause of action, the statute of limitations does not run against proceedings to revive a dormant judgment, as such proceedings are but a continuation of the proceedings in which the judgment was obtained, and, to the extent of his lien, the intervener had the same right to revive the judgment as the original judgment creditors.

It is urged that no notice of the lien was given. The filing of the petition of intervention was in itself sufficient notice of the lien, so long as it does not appear that the judgment debtor had previously paid the judgment.

It will be observed, however, that the court entered a money judgment against the judgment debtor for the amount of the lien, instead of an order for revivor. This, however, goes to the form and not to the substance. As before stated, the application for revivor was denied as to the judgment creditors. The practical effect of a judgment in favor of the intervener and against the judgment debtor is precisely the same as an order reviving the original judgment in favor of the intervener to the extent of his lien. That being true, we see no good reason why the judgment against the original judgment debtor should not stand.

It is therefore recommended that the judgment of the district court as to Cyrus Greek be affirmed, and as to

Winfield F. Scott, reversed, and the cause remanded for further proceedings according to law.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court as to Cyrus Greek is affirmed, and as to Winfield F. Scott, reversed, and the cause remanded for further proceedings according to law.

AFFIRMED IN PART.